UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

LAURI A. BUCHANAN, as Co-Administrator for
the Estate of CYDNEY BUCHANAN, A Minor,
Deceased, LAURI A. BUCHANAN, Individually
and CHRISTOPHER BUCHANAN, Individually,

                              Plaintiffs,

                -against-

FREDERICK R. HESSE, M.D., BRYAN
QUACKENBUSH, R.N., LISA SCHALKHAM, RUNDA
NESHEIWAT, LIBERTY MANAGEMENT, INC.
d/b/a ARMS ACRES, INC. and ARMS ACRES, INC.

                              Defendants.
----------------------------------------X

Case No.: **18 - 1566**

**COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

Plaintiffs, LAURI BUCHANAN and CHRISTOPER BUCHANAN, complaining of defendants, by their attorney, **LAW OFFICE OF SHELSON E. GREEN, P.C.**, respectfully shows to this Court and alleges, upon information and belief:

## I. NATURE OF THE CASE

1. This is an action for personal injuries, pain and suffering and wrongful death sustained by Minor Plaintiff, Decedent, CYDNEY BUCHANAN, as a result of the negligence of defendants from November 10, 2015 through November 12, 2015, in the County of Putnam, State of New York.

1

## II. JURISDICTION AND VENUE

2. Jurisdiction is predicated upon 28 U.S.C. section 1332 (a)(2).

3. The amount in controversy herein exceeds $75,000.00, exclusive of costs.

4. Venue lies in the Southern District of New York in that the events giving rise to this action occurred within the Southern District of New York.

## III. The Parties and The Factual Allegations

### AS AND FOR A FIRST CAUSE OF ACTION

5. Defendant, FREDERICK R. HESSE, M.D. (hereinafter referred to as "HESSE") was and still is a physician duly licensed to practice medicine in the State of New York.

6. Defendant, HESSE, maintained and still maintains offices for the practice of his profession located upon the premises of defendant LIBERTY MANAGEMENT, INC. and/or ARMS ACRES, INC. with a practice location of 75 Seminary Hill Road, Carmel, NY 10512 among other practice locations.

7. Defendant, HESSE, was an agent, servant, principal and/or employee of defendant ARMS ACRES, INC., with a practice location of among other practice locations.

8.    Defendant, HESSE, was a principal in the aforementioned entity known as LIBERTY MANAGEMENT, INC. and/or ARMS ACRES, INC. with a practice location of 75 Seminary Hill Road, Carmel, NY 10512 among other practice locations.

9. Defendant, HESSE, was acting within the scope of his authority and/or employment with defendants LIBERTY MANAGEMENT, INC. and/or ARMS ACRES, INC. with a practice location of 75 Seminary Hill Road, Carmel, NY 10512 among other practice locations.

10.    Defendant, HESSE, held himself out to the public, and specifically to the plaintiff decedent herein, CYDNEY BUCHANAN, a Minor, as a physician, possessing the proper degree of skill and learning necessary to render the appropriate medical care and treatment, and that he undertook to use reasonable care and diligence in the care and treatment of patients in general, and specifically, in the treatment of the plaintiff decedent, CYDNEY BUCHANAN, herein.

11.    From November 10, 2015 through November 12, 2015, upon the premises of the defendants LIBERTY MANAGEMENT, INC. and/or ARMS ACRES, INC., defendant HESSE undertook to treat, and did treat, as well as render medical care and treatment to the plaintiff decedent, CYDNEY BUCHANAN, a Minor, herein.

12.     Defendant, BRYAN QUACKENBUSH, R.N. (hereinafter referred to as "QUACKENBUSH") was and still is a registered nurse duly licensed to practice nursing in the State of New York.

13.     Defendant, QUACKENBUSH, maintained and still maintains offices for the practice of his profession located upon the premises of defendant LIBERTY MANAGEMENT, INC. and/or ARMS ACRES, INC. with a practice location of 75 Seminary Hill Road, Carmel, NY 10512 among other practice locations.

14.     Defendant, QUACKENBUSH, was an agent, servant, principal and/or employee of defendant ARMS ACRES, INC., with a practice location of 75 Seminary Hill Road, Carmel, NY 10512 among other practice locations.

15.     Defendant, QUACKENBUSH, was a principal in the aforementioned entity known as LIBERTY MANAGEMENT, INC. and/or ARMS ACRES, INC. with a practice location of 75 Seminary Hill Road, Carmel, NY 10512 among other practice locations.

16.     Defendant, QUACKENBUSH, was acting within the scope of his authority and/or employment with defendants LIBERTY MANAGEMENT, INC. and/or ARMS ACRES, INC. with a practice location of 75 Seminary

4

Hill Road, Carmel, NY 10512 among other practice locations.

17.     Defendant, QUACKENBUSH, held himself out to the public, and specifically to the plaintiff decedent herein, CYDNEY BUCHANAN, a Minor, as a registered nurse, possessing the proper degree of skill and learning necessary to render the appropriate medical and nursing care and treatment, and that he undertook to use reasonable care and diligence in the care and treatment of patients in general, and specifically, in the treatment of the plaintiff decedent, CYDNEY BUCHANAN, a Minor, herein.

18.     From November 10, 2015 through November 12, 2015, upon the premises of the defendants LIBERTY MANAGEMENT, INC. and/or ARMS ACRES, INC., defendant QUACKENBUSH undertook to treat, and did treat, as well as render medical and nursing care and treatment to the plaintiff decedent, CYDNEY BUCHANAN, a Minor, herein.

19.     Defendant, LISA SCHALKHAM (hereinafter referred to as "SCHALKHAM") was and still is a counselor and/or case manager duly licensed to practice in the State of New York.

20.    Defendant, SCHALKHAM, maintained and still maintains offices for the practice of her profession located upon the premises of defendant LIBERTY MANAGEMENT, INC. and/or ARMS ACRES, INC. with a practice location of 75 Seminary Hill Road, Carmel, NY 10512 among other practice locations.

21.   Defendant, SCHALKHAM, was an agent, servant, principal and/or employee of defendant ARMS ACRES, INC., with a practice location of 75 Seminary Hill Road, Carmel, NY 10512 among other practice locations.

22.   Defendant, SCHALKHAM, was a principal in the aforementioned entity known as LIBERTY MANAGEMENT, INC. and/or ARMS ACRES, INC. with a practice location of 75 Seminary Hill Road, Carmel, NY 10512 among other practice locations.

23.   Defendant, SCHALKHAM, was acting within the scope of her authority and/or employment with defendants LIBERTY MANAGEMENT, INC. and/or ARMS ACRES, INC. with a practice location of 75 Seminary Hill Road, Carmel, NY 10512 among other practice locations.

24.  Defendant, SCHALKHAM, held herself out to the public, and specifically to the plaintiff decedent herein, CYDNEY BUCHANAN, a Minor, as a physician, possessing

the proper degree of skill and learning necessary to render the appropriate counseling and medical care and treatment, and that she undertook to use reasonable care and diligence in the care and treatment of patients in general, and specifically, in the treatment of the plaintiff decedent, CYDNEY BUCHANAN, a Minor, herein.

25.   From November 10, 2015 through November 12, 2015, upon the premises of the defendants LIBERTY MANAGEMENT, INC. and/or ARMS ACRES, INC., defendant SCHALKHAM, undertook to treat, and did treat, as well as render medical and counseling care and treatment to the plaintiff decedent, CYDNEY BUCHANAN, a Minor, herein.

26.   Defendant, RUNDA NESHEIWAT (hereinafter referred to as "SCHALKHAM") was and still is a counselor and/or case manager duly licensed to practice in the State of New York.

27.   Defendant, NESHEIWAT, maintained and still maintains offices for the practice of her profession located upon the premises of defendant LIBERTY MANAGEMENT, INC. and/or ARMS ACRES, INC. with a practice location of 75 Seminary Hill Road, Carmel, NY 10512 among other practice locations.

28.   Defendant, NESHEIWAT, was an agent, servant, principal and/or employee of defendant ARMS ACRES, INC., with a practice location of 75 Seminary Hill Road, Carmel, NY 10512 among other practice locations.

29.   Defendant, NESHEIWAT, was a principal in the aforementioned entity known as LIBERTY MANAGEMENT, INC. and/or ARMS ACRES, INC. with a practice location of 75 Seminary Hill Road, Carmel, NY 10512 among other practice locations.

30.   Defendant, NESHEIWAT, was acting within the scope of her authority and/or employment with defendants LIBERTY MANAGEMENT, INC. and/or ARMS ACRES, INC. with a practice location of 75 Seminary Hill Road, Carmel, NY 10512 among other practice locations.

31.   Defendant, NESHEIWAT, held herself out to the public, and specifically to the plaintiff decedent herein, CYDNEY BUCHANAN, a Minor, as a physician, possessing the proper degree of skill and learning necessary to render the appropriate counseling and medical care and treatment, and that she undertook to use reasonable care and diligence in the care and treatment of patients in general, and specifically,

in the treatment of the plaintiff decedent, CYDNEY
BUCHANAN, a Minor, herein.

32.   From November 10, 2015 through November 12, 2015,
upon the premises of the defendants LIBERTY
MANAGEMENT, INC. and/or ARMS ACRES, INC., defendant
NESHEIWAT, undertook to treat, and did treat, as well
as render medical and counseling care and treatment
to the plaintiff decedent, CYDNEY BUCHANAN, a Minor,
herein.

33.   Defendant, LIBERTY MANAGEMENT, INC. and/or ARMS
ACRES, INC. hereinafter referred to as "LIBERTY"), was
and still is a partnership doing business in the State
of New York.

34.   Defendant, LIBERTY, is a limited liability company
doing business in the State of New York.

35.   Defendant, LIBERTY, is a professional corporation
doing business in the State of New York.

36.   Defendant, LIBERTY, was and still is a domestic
corporation duly organized and existing under and by
virtue of the laws of the State of New York.

37.   Defendant, LIBERTY, through its' agents, servants,
representatives, owners, nurses, principals,
counselors, case managers and/or physicians,
employees, as well as any other employees, held itself

out to be a medical, nursing, drug addiction, detoxification and counseling practice possessing the proper degree of learning and skill necessary to render the appropriate a medical, nursing, drug addiction, detoxification and counseling services care and treatment, in accordance with accepted a medical, nursing, drug addiction, detoxification and counseling practice, as well as in accordance with the standards of practice for the State of New York.

38.   Defendant, LIBERTY, owned, operated, managed, maintained and controlled the medical facility known as ARMS ACRES, INC. with a practice location of 75 Seminary Hill Road, Carmel, NY 10512 among other practice locations.

39.   From November 10, 2015 through November 12, 2015, upon the premises of the defendant ARMS ACRES, located at 75 Seminary Hill Road, Carmel, NY 10512, defendant LIBERTY through its agents, servants, representatives, owners, nurses, principals, counselors, case managers and/or physicians, employees, as well as any other employees undertook to treat, and did treat, as well as render medical, nursing, drug addiction, detoxification and counseling services care and

treatment to the plaintiff decedent, CYDNEY BUCHANAN, a Minor, herein.

40.   Defendant, ARMS ACRES, INC. (hereinafter referred to as "ARMS ACRES"), was and still is a partnership doing business in the State of New York.

41.   Defendant, ARMS ACRES, is a limited liability company doing business in the State of New York.

42.   Defendant, ARMS ACRES, is a professional corporation doing business in the State of New York.

43.   Defendant, ARMS ACRES, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

44.   Defendant, ARMS ACRES, through its' agents, servants, representatives, owners, nurses, principals, counselors, case managers and/or physicians, employees, as well as any other employees, held itself out to be a medical, nursing, drug addiction, detoxification and counseling practice possessing the proper degree of learning and skill necessary to render the appropriate a medical, nursing, drug addiction, detoxification and counseling services care and treatment, in  accordance with accepted a medical, nursing, drug addiction, detoxification and counseling

practice, as well as in accordance with the standards
of practice for the State of New York.

45.   Defendant, ARMS ACRES, owned, operated, managed,
maintained and controlled the medical facility known
as ARMS ACRES, INC. with a practice location of 75
Seminary Hill Road, Carmel, NY 10512 among other
practice locations.

46.   From November 10, 2015 through November 12, 2015, upon
the premises of the defendant ARMS ACRES, located at
75 Seminary Hill Road, Carmel, NY 10512, defendant
ARMS ACRES through its agents, servants,
representatives, owners, nurses, principals,
counselors, case managers and/or physicians,
employees, as well as any other employees undertook to
treat, and did treat, as well as render medical,
nursing, drug addiction, detoxification and counseling
services care and treatment to the plaintiff decedent,
CYDNEY BUCHANAN, a Minor, herein.

47.   The Minor Plaintiff, Decedent, Cydney Buchanan, was
admitted voluntarily to Defendant Arms Acres on
November 10, 2015 for treatment of substance abuse
issues and whereat she commenced treatment for same by
the defendants herein. On the morning of November 12,
2015, the Minor Plaintiff, Decedent Cydney Buchanan,

was found dead having died during the night unbeknownst to any of the defendants, the healthcare providers who were attending her and who were supposed to be monitoring her and observing her. Due to the defendant's complete and total lack of care, monitoring and supervision of her, the Minor Plaintiff, Decedent Cydney Buchanan, never received any medical intervention or any lifesaving care or treatment of any type until belated emergency treatment was attempted following her demise.

48. Defendants, their agents, servants, representatives, assigns and/or employees, were negligent and careless in the medical, nursing, drug addiction, detoxification and counseling care, services and treatment rendered to, and on behalf of the plaintiff decedent CYDNEY BUCHANAN; in failing to practice according to the generally accepted medical, nursing, drug addiction, detoxification and counseling standards; in deviating from said accepted medical, nursing, drug addiction, detoxification and counseling practices and standards; in failing to heed plaintiffs' signs and symptoms; in failing to accurately diagnose and treat the plaintiff decedent's, CYDNEY BUCHANAN'S, a Minor's, true

condition; and in otherwise big careless and
negligent.

49.   As a result of the foregoing, the plaintiff decedent,
CYDNEY BUCHANAN, a Minor, suffered severe and serious
personal injuries, including but not limited to
conscious pain and suffering, cardiac arrest, loss of
enjoyment of life and an ultimately and premature
demise, all due to the negligence of the defendants
herein.

50.   The injuries sustained by the plaintiff decedent,
CYDNEY BUCHANAN, a Minor, and her ultimate demise,
were caused by the reason of medical malpractice and
negligence of the defendants, their agents, servants,
representatives and/or employees, with no negligence
whatsoever on the part of the plaintiff decedent,
CYDNEY BUCHANAN, a Minor, herein.

### AS AND FOR A SECOND CAUSE OF ACTION

51.   Plaintiff repeats, reiterates and realleges each and
every allegation contained in the foregoing paragraphs in
the First Cause of Action as if fully set forth at length
herein.

52.   That by reason of the aforesaid occurrence and
occurrences which ultimately led to the death of the
plaintiff decedent herein, CYDNEY BUCHANAN, a Minor, said

14

plaintiff decedent was caused to expire on November 12, 2015.

53.     That the aforesaid occurrence and wrongful death of the plaintiff decedent, CYDNEY BUCHANAN, a Minor, were caused in whole by the defendants enumerated herein.

54.     That by reason of the wrongful death of her daughter, the plaintiff decedent, CYDNEY BUCHANAN, a Minor, plaintiff LAURI A. BUCHANAN, as the Co-Administrator of the Estate, and LAURI A. BUCHANAN, individually, demands damages from the defendants enumerated supra.

55.     That the aforesaid occurrences, the damages sustained by the plaintiff's, were caused in whole by the negligent medical, nursing, drug addiction, detoxification and counseling care and treatment rendered by the defendants enumerated above herein.

56.     That by reason of the injuries, suffering, physical and psychological damages of the plaintiff LAURI A. BUCHANAN, as well as the loss of her daughter's services and support, LAURI A. BUCHANAN, individually, demands damages from the defendants enumerated.

## AS AND FOR A THIRD CAUSE OF ACTION

57.  Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs

15

"1"– "50" in the First Cause of Action as if fully set forth at length herein.

58.     That by reason of the aforesaid occurrence and occurrences which ultimately led to the death of the plaintiff decedent herein, CYDNEY BUCHANAN, a Minor, said plaintiff decedent was caused to expire on November 12, 2015.

59.     That the aforesaid occurrence and wrongful death of the plaintiff decedent, CYDNEY BUCHANAN, a Minor, were caused in whole by the defendants enumerated herein.

60.     That by reason of the wrongful death of his daughter, the plaintiff decedent, CYDNEY BUCHANAN, a Minor, plaintiff CHRISTOPHER BUCHANAN, individually, demands damages from the defendants enumerated supra.

61.     That the aforesaid occurrences, the damages sustained by the plaintiff's, were caused in whole by the negligent medical, nursing, drug addiction, detoxification and counseling care and treatment rendered by the defendants enumerated above herein.

62.     That by reason of the injuries, suffering, physical and psychological damages of the plaintiff CHRISTOPHER BUCHANAN, as well as the loss of his daughter's services and support, CHRISTOPHER BUCHANAN,

individually, demands damages from the defendants
enumerated supra.

### AS AND FOR A FOURTH CAUSE OF ACTION

63.  Plaintiff repeats, reiterates and realleges every
allegation as contained in the contained in the foregoing
paragraphs "1"- "50" in the First Cause of Action as if
fully set forth at length herein.

64.  Defendants LIBERTY MANAGEMENT, INC. d/b/a ARMS ACRES,
INCES, INC. and ARMS ACRES, INC., a residential health
care facility licensed in the State of New York, through
their acts and the acts of their agents, servants,
representatives and/or employees, deprived plaintiff
decedent CYDNEY BUCHANAN, a Minor, and a voluntary and
admitted patient of said facility, of rights and/or
benefits, and due to that deprivation, plaintiff decedent
CYDNEY BUCHANAN, a minor, suffered severe injuries,
conscious pain and suffering and death as a result of
said deprivation.

65.  Plaintiff, LAURI A. BUCHANAN, pursuant NY Public
Health Law Section 2801-d, demands damages due to the
deprivation noted supra, said deprivation having caused
her daughter, plaintiff decedent, CYDNEY BUCHANAN, a
Minor, to suffer severe injuries, conscious pain and
suffering and death as a result of said deprivation,

while she was in the custody, care and control of the defendants herein on November 11-12, 2015.

## AS AND FOR A FIFTH CAUSE OF ACTION

66.    Plaintiff repeats, reiterates and realleges every allegation as contained in the contained in the foregoing paragraphs "1"- "50" in the First Cause of Action as if fully set forth at length herein.

67.    Decedent died on November 12, 2015.

68.    Decedent died on November 12, 2015 as a result of the negligence and malpractice of the defendants herein.

69.    Decedent, CYDNEY BUCHANAN, a Minor, left surviving distributes and next of kin including her two parents LAURI A. BUCHANAN and CHRISTOPHER BUCHANAN.

70.    The Estate of decedent CYDNEY BUCHANAN, a Minor, became liable and did expend monies for her funeral and other expenses.

71.    As a result of the negligence and the malpractice of the defendants herein, and their agents, servants, assigns and/or employees, the plaintiff decedents' distributees and next of kin were damaged in that they suffered loss of services, companionship, support and guidance of the decedent and were pecuniarily damaged in an amount which exceeds the minimum jurisdictional limits of this Court.

72.    Plaintiff, LAURI A. BUCHANAN, pursuant Public Health Law Section 2801-d (2), demands punitive damages given the level of negligence of the defendants herein as well as the wanton and reckless disregard of the health, physical condition and well-being of the plaintiff decedent CYDNEY BUCHANAN, a Minor, by the defendants herein in their care and supervision, or lack thereof, of plaintiff decedent, CYDNEY BUCHANAN, a Minor, while she was in the custody, care and control of the defendants herein from November 10, 2015 through November 12, 2015.

73.    The limitations on liability set forth in C.P.L.R. 1601 do not apply.

74.    The limitations on liability set forth in C.P.L.R. 1601 do not apply by reason of one or more of the exceptions thereto set forth in C.P.L.R. 1602.

75.    Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff, LAURI BUCHANAN, hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

    **WHEREFORE**, plaintiff demands judgment against the defendants on each cause of action in a sum which exceeds the minimum jurisdictional requirements of this Court, together with the costs and disbursements of

this action.

Dated: Woodmere, New York
February 20, 2018


Respectfully submitted,

LAW OFFICE OF SHELDON E. GREEN, P.C.
Attorney for Plaintiffs


By_____
SHELDON E. GREEN - SG6561
566 Sunset Drive
Woodmere, New York 11598
516-569-3300
sgreenlaw@optonline.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------x   Case No.:
LAURI A. BUCHANAN, as Co-Administrator for the
Estate of CYDNEY BUCHANAN, a Minor, Deceased,
LAURI A. BUCHANAN, Individually and                **CERTIFICATE**
CHRISTOPHER BUCHANAN, Individually                 **OF MERIT**

                          Plaintiff(s),

              -against-


FREDERICK R. HESSE, M.D., BRYAN QUACKENBUSH, R.N.,
LISA SCHALKHAM, RUNDA NESHEIWAT, LIBERTY
MANAGEMENT, INC. d/b/a ARMS ACRES, INC. and
ARMS ACRES, INC.

                          Defendants.
--------------------------------------------x


            SHELDON E. GREEN, attorney for the plaintiff(s)

herein in the above entitled action, declares that:

            I have consulted with at least one physician who

is licensed to practice medicine in this State and whom I reasonably

believe is knowledgeable in the relevant issues involved in this

action. This physician has reviewed the medical records in this case,

and upon consultation with this physician I have concluded on the

basis of such review that there is a reasonable basis for the

commencement of this action.


Dated:         Woodmere, New York
               February 15, 2018


                                   _____
                                   SHELDON E. GREEN