UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
LAURI A. BUCHANAN, as Co-Administrator
for the Estate of CYDNEY BUCHANAN, a
Minor, Deceased; LAURI A. BUCHANAN,
Individually; and CHRISTOPHER
BUCHANAN, Individually,
                Plaintiffs,

v.

FREDERICK R. HESSE, M.D.; BRYAN
QUACKENBUSH, R.N.; LISA
SCHALKHAM; RUNDA NESHEIWAT;
LIBERTY MANAGEMENT, INC. d/b/a
ARMS ACRES, INC.; and ARMS ACRES,
INC.,
                Defendants.
--------------------------------------------------------------x

**OPINION AND ORDER**

18 CV 1566 (VB)

Briccetti, J.:

       Plaintiff Lauri A. Buchanan brings this personal injury action on behalf of the estate of her deceased daughter Cydney Buchanan against residential drug treatment facility Arms Acres, Inc., its owner and operator Liberty Management, Inc., nurse Bryan Quackenbush, employee Lisa Schalkham, employee Runda Nesheiwat (collectively, the "Moving Defendants"), and Dr. Frederick R. Hesse, alleging defendants' medical treatment of Cydney from November 10, 2015, until her death two days later on November 12, 2015, caused her to experience conscious pain and suffering. Individual plaintiffs Lauri and Christopher Buchanan also bring claims on their own behalves for Cydney's conscious pain and suffering and for a violation under New York Mental Hygiene Law § 816.7(c).

       Before the Court is the Moving Defendants' motion to dismiss the Third Amended Complaint ("TAC") pursuant to Rule 12(b)(6). (Doc. #30).

For the reasons set forth below, the Moving Defendants' motion is GRANTED IN PART and DENIED IN PART.

The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## BACKGROUND

For the purpose of deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the TAC and draws all reasonable inferences in plaintiffs' favor, as set forth below.

The facts alleged are brief but tragic. On November 10, 2015, Cydney, a minor, voluntarily checked into Arms Acres in Carmel, New York, for substance abuse treatment in the facility's full-time residential drug detoxification and rehabilitation program.

On the morning of November 12, 2015, Cydney was found dead in her room. According to plaintiffs, Cydney vomited twice during the night of November 11 or the early morning of November 12, but defendants Nurse Quackenbush and Nesheiwat failed to monitor and assesses Cydney, seek emergency medical care, or provide life-saving care when she was in distress. For their parts, defendants Dr. Hesse and Schalkham failed to provide proper supervision to Cydney and staff.

According to plaintiffs, the Moving Defendants' failure to monitor and treat Cydney caused her to "suffer[] severe and serious personal injuries, including but not limited to conscious pain and suffering, cardiac arrest, [and] loss of enjoyment of life." (TAC ¶ 56).

## DISCUSSION

I. <u>Standard of Review</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v.</u>

Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

II.     New York Mental Hygiene Law

As an initial matter, plaintiffs' opposition does not address the Moving Defendants' argument to dismiss the claim under New York Mental Hygiene Law § 816.7(c). Accordingly, this claim is deemed abandoned and must be dismissed. See M.M. ex rel. J.M. v. N.Y.C. Dep't of Educ., 2010 WL 2985477, at *6 (S.D.N.Y. July 27, 2010) (collecting cases).

III.    Claims for Conscious Pain and Suffering

The TAC's remaining claims are brought, respectively, on behalf of Cydney's estate and by the individual plaintiffs and seek damages for Cydney's conscious pain and suffering.

The Moving Defendants argue the claim on behalf of Cydney's estate fails because (i) it is, in essence, a time-barred wrongful death claim; and (ii) it fails to allege Cydney experienced conscious pain and suffering in the time before her death. The Moving Defendants also argue

the claim for conscious pain and suffering brought by the individual plaintiffs Lauri and Christopher Buchanan fails because only the decedent's estate can bring such a claim.

For the reasons set forth below, the claim brought by plaintiff Lauri Buchanan on behalf of Cydney's estate, which alleges—albeit barely—that Cydney was conscious and experienced pain and suffering before her death, may proceed. The claim brought by the individual plaintiffs on their own behalves, however, must be dismissed.

A. The Estate's Claim for Conscious Pain and Suffering

New York law provides for two separate and distinct actions when a person dies due to another person's negligence: a decedent's beneficiaries can bring a wrongful death claim for damages to beneficiaries, see N.Y. Estates Powers and Trusts Law ("E.P.T.L.") § 5-4.1, and a decedent's estate can bring a "survival action" on behalf of the decedent for damages to the decedent, see N.Y. E.P.T.L. § 11-3.2. See generally Heslin v. Cty. of Greene, 14 N.Y.3d 67, 75 (2010). While a wrongful death claim must be commenced within two years of the decedent's death, a survival action is timely if the underlying action by the decedent would have been timely. Sweeney v. Presbyterian/ Columbia Presbyterian Med. Ctr., 763 F. Supp. 50, 53 (S.D.N.Y. 1991).

A survival action that seeks damages for conscious pain and suffering must allege the elements of the underlying claim, see, e.g., Stolarski v. Family Servs. of Westchester, Inc., 973 N.Y.S.2d 725, 727–28 (2d Dep't 2013) (medical malpractice), and that the decedent was conscious and in pain before his or her death, Phillips v. City of Middletown, 2018 WL 4572971, at *11 (S.D.N.Y. Sept. 24, 2018). Failure to allege the manner of death or "the nature or length of suffering" before death is not necessarily fatal on a motion to dismiss. Helijas v. Corr. Med. Care, Inc., 2016 WL 5374124, at *17 (N.D.N.Y. Sept. 26, 2016).

4

As the parties recognize, a wrongful death claim would be untimely here. This action was filed on February 21, 2018—more than two years after Cydney Buchanan died on November 12, 2015. A survival action, however, brought by Cydney's estate on her behalf is proper. Predicated on a medical malpractice claim, it is governed by the two-and-a-half year statute of limitations set forth in N.Y. C.P.L.R. § 214–a. Plaintiff Lauri Buchanan, as co-administrator of Cydney's estate, brought the claim within the limitations period.

The Moving Defendants argue that to the extent the estate's survival action for conscious pain and suffering is proper, it nevertheless fails to allege Cydney Buchanan was conscious before her death.

The Court disagrees.

The TAC alleges Cydney Buchanan was conscious and in pain before her death, specifically that Cydney "suffered severe and serious personal injuries, including but not limited to conscious pain and suffering [and] cardiac arrest." (TAC ¶ 56). The TAC also alleges Cydney was in distress and vomited twice during the night of November 11 or the early morning of November 12, 2015. (Id. ¶ 66). Although these allegations are sparse, at this early stage of litigation when the Court construes all reasonable inferences in a plaintiff's favor, they are enough to allow the claim to proceed to discovery. See Helijas v. Corr. Med. Care, Inc., 2016 WL 5374124, at *17 (denying motion to dismiss conscious pain and suffering claim).

Furthermore, even with the benefit of evidence, consciousness and pain can be subjective. See, e.g., Lopez v. Gomez, 761 N.Y.S.2d 601, 602–03 (1st Dep't 2003) (child who "chang[ed] colors" and "tri[ed] to breathe" for two hours after car accident was arguably conscious and in pain); see also Grcic v. City of New York, 527 N.Y.S.2d 263, 267 (2d Dep't

1988) (finding evidence supported damages for pain and suffering even where "consciousness was short and degree of consciousness slight").

The Moving Defendants argue other assertions in the TAC undermine the allegation that Cydney was conscious, noting, for instance, the allegation that Cydney was permitted "to sleep undisturbed during the night." (TAC ¶ 71). These allegations, however, do not eliminate the possibility that Cydney was conscious before her death. While they foreshadow potential difficulties in establishing legally sufficient proof of consciousness, they do not destroy the survival action at this early stage.

Accordingly, the survival action for conscious pain and suffering on behalf of Cydney's estate may proceed.

### B. Individual Plaintiffs' Claim for Cydney's Conscious Pain and Suffering

As noted, a survival action may only be brought by a <u>decedent's estate</u> on behalf of the decedent. N.Y. E.P.T.L. § 11-3.2 (emphasis added). Accordingly, plaintiffs Lauri and Christopher Buchanan's individual claim for Cydney's conscious pain and suffering must be dismissed.

## IV. Other Issues

The Moving Defendants raise two additional issues in their reply brief.

First, the Moving Defendants seek to strike from the TAC any references to an investigative report from the New York State Justice Center on confidentiality grounds. The Court declines to address this argument as it was raised for the first time in the Moving Defendants' reply brief. See <u>Playboy Enterprises, Inc. v. Dumas</u>, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) (collecting cases).

Second, the Moving Defendants argue the action should be dismissed for plaintiffs' counsel's failure to submit a certificate of merit with the TAC as required by New York law for medical malpractice claims.  See C.P.L.R. 3012-a.  Plaintiffs' counsel provided a certificate of merit with the original complaint, which included a personal injury claim for pain and suffering.  The Moving Defendants do not explain why a revised certificate is necessary here.

## CONCLUSION

The motion to dismiss is GRANTED IN PART and DENIED IN PART.

The only remaining claim is the survival action for conscious pain and suffering brought by plaintiff Lauri A. Buchanan as co-administrator for Cydney Buchanan's estate.

The Clerk is instructed to terminate the individually named plaintiffs Lauri Buchanan and Christopher Buchanan from the docket.

The Clerk is further instructed to terminate the motion.  (Doc. #30).

The Moving Defendants shall file an answer by December 4, 2018.

Dated: November 20, 2018
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge